UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FUTURE MOTION, INC.
PRODUCTS LIABILITY LITIGATION    MDL No. 3087

**TRANSFER ORDER**

**Before the Panel**:* Defendant Future Motion, Inc., moves under 28 U.S.C. § 1407 to centralize this litigation in the Middle District of Florida. This litigation consists of 31 actions pending in fourteen districts, as listed on Schedule A.[1] In addition, the parties have informed the Panel of eight related actions pending in five districts.[2]

Plaintiffs in seventeen actions on the motion and five potential tag-along actions support centralization in the Middle District of Florida.[3] Plaintiffs in another action waived oral argument and stated that they support centralization in the Northern District of California. Plaintiffs in seven

---

* Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] Future Motion listed 32 actions on the Schedule of Actions accompanying its motion an additional action. *See* Panel Rule 6.1(b)(ii) (requiring a numbered schedule of actions to be filed with the motion). One of these, filed in the Eastern District of New York, was voluntarily dismissed after the motion was filed. The other is the *Loh* putative class action pending in the Northern District of California, which Future Motion (as indicated in a footnote in its initial brief) does not seek to include in this MDL. However, because *Loh* was listed on the Schedule of Actions, it was listed on the Notice of Hearing Session issued in accordance with 28 U.S.C. § 1407(c) ("The panel shall give notice to the parties in all actions in which transfers for coordinated or consolidated pretrial proceedings are contemplated . . . ."). Even though Future Motion does not seek transfer of *Loh*, we may consider whether *Loh* should be included in the centralized proceedings. *See* Hearing Session Order, MDL No. 3087 (J.P.M.L. Oct. 13, 2023), ECF No. 56 ("IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters [on the attached Schedule] to any district or districts.").

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Plaintiffs in five of these actions did not respond to the motion but instead waived oral argument. In doing so, these plaintiffs state that they support centralization in the Middle District of Florida.

actions do not oppose centralization. Three of these plaintiffs support the Middle District of Florida as the transferee district; three propose instead the Northern District of California.

Plaintiffs in three actions initially opposed centralization. Plaintiffs in two of these actions (*Oatridge* and *Bunnell*) changed their position at oral argument, however, and now support centralization in the Northern District of California. Plaintiff in the third action (*Russo*) continues to oppose centralization and, alternatively, seeks to exclude *Russo* from the MDL. In addition, plaintiffs in the *Loh* putative class action oppose inclusion of that action in any centralized proceedings.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Future Motion's "Onewheel" electric skateboard is defective because it can unexpectedly stop or shut off, causing the front of the skateboard to "nosedive" into the ground and throw the rider off at speeds as high as 20 miles per hour. Most of the complaints contain substantially similar or identical factual allegations regarding Future Motion and the alleged defect in the Onewheel, differing only as to plaintiffs' alleged injuries. These actions likely will share common factual questions regarding the design, manufacture, and warnings for the Onewheel. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The *Russo* plaintiff's primary argument against centralization is that the actions are at disparate procedural postures, such that centralization would create inefficiency and delay. Plaintiff is correct that some of the actions are more procedurally advanced. Discovery is closed and dispositive motions are pending in three of the actions. Notably, however, all parties to these three actions—which are significantly more advanced than *Russo*[4]—support centralization. Moreover, these more advanced actions are likely to benefit from centralization, even if there could be some immediate delay as to pending motions. For instance, it appears that both plaintiffs and defendant are utilizing the same experts across actions, such that transfer will eliminate inconsistent rulings on evidentiary and dispositive motions. With respect to the actions in which discovery remains, centralization will allow for coordination and elimination of duplicative discovery and motion practice.

Plaintiff in *Russo* also argues that these actions lack sufficient common questions of fact to warrant centralization. This argument is not persuasive. That the actions involve different models of Onewheel[5] is of no moment—plaintiffs allege the same defect regardless of model and

---

[4] Although plaintiff characterizes his action as advanced, *Russo* does not appear to have reached the expert discovery stage. Plaintiff has not yet deposed defendant's corporate representative, and the transferor court has stayed discovery pending our decision on centralization. Thus, significant opportunities remain to achieve efficiencies in all actions—including *Russo*—through centralized pretrial proceedings.

[5] These models appear to differ primarily in size of the skateboard, battery power, and speed.

have sought discovery pertaining to all Onewheel models. Nor are the unique factual circumstances of each Onewheel incident likely to overwhelm the common factual questions regarding the design and manufacture of the Onewheel. *Cf. In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 597 F. Supp. 2d 1377, 1378 (J.P.M.L. 2009) (centralizing actions alleging the Yamaha Rhino had a propensity to roll over and rejecting argument that "discovery in each action will be dominated by unique, individualized factual questions about each particular accident, such as causation, plaintiff or third-party fault, and vehicle maintenance or modification").

The opposing plaintiff also notes that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). There are, however, no feasible alternatives to centralization here. Including potential tag-alongs, there are nearly forty related actions in this litigation pending in seventeen districts. The actions on the motion, alone, are pending before 26 different judges, and plaintiffs are represented by numerous different counsel. In these circumstances, informal cooperation and coordination among the involved parties and courts would be difficult. Nor has any party sought transfer under 28 U.S.C. § 1404, and there is no credible suggestion that such motions could eliminate the multidistrict character of this litigation. The number of actions, courts, and counsel all support centralization of this litigation to eliminate duplicative pretrial proceedings and inconsistent pretrial rulings.

The Northern District of California is an appropriate transferee district for this litigation. Future Motion's headquarters and manufacturing facility are located within this district. Much of defendant's documentary evidence and many of its witnesses likely will be found in the Northern District of California. Additionally, numerous related claims against Future Motion are pending in coordinated proceedings in California state court. Centralization in the Northern District of California may facilitate coordination between the federal MDL and the state court proceedings. We assign this action to the Honorable Beth Labson Freeman, an experienced MDL jurist who we are confident will steer this litigation on a prudent and expeditious course.

Because we are centralizing this litigation in the Northern District of California, we need not address the arguments against inclusion of the *Loh* class action, which already is pending in that district. That said, we have "often recognized the efficiencies of centralizing economic loss class actions with personal injury actions" where discovery will overlap. *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 & n.9 (J.P.M.L. 2019) (citing cases). The common factual core in all these actions, including *Loh*, is the alleged defect in the Onewheel. Discovery relating to that defect, including expert discovery, likely will overlap. Thus, we anticipate the transferee court will coordinate at least some pretrial proceedings with respect to both personal injury/wrongful death claims and economic loss class claims.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Beth Labson Freeman for coordinated or consolidated pretrial proceedings.

                                       PANEL ON MULTIDISTRICT LITIGATION

                                       Nathaniel M. Gorton
                                         Acting Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: FUTURE MOTION, INC.
PRODUCTS LIABILITY LITIGATION                                      MDL No. 3087

## SCHEDULE A

<u>Northern District of California</u>

LOH v. FUTURE MOTION, INC., C.A. No. 5:21−06088
OATRIDGE, ET AL. v. FUTURE MOTION, INC., C.A. No. 5:21−09906
METTS v. FUTURE MOTION, INC., C.A. No. 5:23−04445

<u>District of Colorado</u>

BUNNELL, ET AL. v. FUTURE MOTION, INC., C.A. No. 1:22−01220

<u>Middle District of Florida</u>

ROESLER v. FUTURE MOTION, INC., C.A. No. 2:22−00144
QUINCANNON v. FUTURE MOTION, INC., C.A. No. 2:23−00448
KOOP v. FUTURE MOTION, INC., C.A. No. 3:22−00134
MCNAIR v. FUTURE MOTION, INC., C.A. No. 3:22−00329
ELLIOTT v. FUTURE MOTION, INC., C.A. No. 3:23−00789
NACCA v. FUTURE MOTION, INC., C.A. No. 6:22−00472
THOMAS v. FUTURE MOTION, INC., C.A. No. 6:23−01334
TRUONG v. FUTURE MOTION, INC., C.A. No. 6:23−01596
SMITH v. FUTURE MOTION, INC., C.A. No. 8:22−00320
SCOTT v. FUTURE MOTION, INC., C.A. No. 8:22−01748
DELAPAZ v. FUTURE MOTION, INC., C.A. No. 8:23−01512

<u>Southern District of Florida</u>

REEVES v. FUTURE MOTION, INC., C.A. No. 0:23−61295
LOPEZ-ROMAN v. FUTURE MOTION, INC., C.A. No. 4:23−10072

<u>Northern District of Georgia</u>

HAGGERTY v. FUTURE MOTION, INC., C.A. No. 1:22−00322

<u>Northern District of Illinois</u>

GUSTAFSON v. FUTURE MOTION, INC., C.A. No. 1:22−02632
BROWN v. FUTURE MOTION, INC., C.A. No. 1:22−04510
GREGIE v. FUTURE MOTION, INC., C.A. No. 1:22−05528

**IN RE: FUTURE MOTION, INC.**
**PRODUCTS LIABILITY LITIGATION**          MDL No. 3087

<u>District of New Jersey</u>

RUSSO v. FUTURE MOTION, INC., ET AL., C.A. No. 2:22−04383
REEDY v. FUTURE MOTION, INC., ET AL., C.A. No. 3:21−17081

<u>District of New Mexico</u>

GOULD v. FUTURE MOTION, INC., C.A. No. 1:23−00266

<u>Western District of Oklahoma</u>

DOWNS v. FUTURE MOTION, INC., C.A. No. 5:22−01029

<u>District of South Carolina</u>

KING v. FUTURE MOTION, INC., C.A. No. 8:22−03323

<u>Middle District of Tennessee</u>

GREER v. FUTURE MOTION, INC., C.A. No. 3:22−00810
BAILEY v. FUTURE MOTION, INC., C.A. No. 3:22−00855

<u>Eastern District of Texas</u>

MCALLISTER v. FUTURE MOTION, INC., C.A. No. 4:23−00205

<u>Southern District of Texas</u>

KINCHEN, ET AL. v. FUTURE MOTION, INC., C.A. No. 4:22−01970

<u>Western District of Washington</u>

YOUNG, ET AL. v. FUTURE MOTION, INC., C.A. No. 2:22−01701